

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2005

# Breslin v. Brainard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2590

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Breslin v. Brainard" (2005). *2005 Decisions*. Paper 1384.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1384

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2590

MICHAEL T. BRESLIN,

Appellant

v.

NORTON BRAINARD; GERALD MCNAMARA;
WILLIAM OSWALD; JAMES E. SMITH, JR.;
INTERNATIONAL BROTHERHOOD OF TEAMSTERS
LOCAL 115; EDWARD F. KEYSER, JR.;
JAMES P. HOFFA; CHARLES ARGEROS;
SEAN HEIM; PAUL VANDERWOUDE; LEO REILLY;
DAVID M. KNORR; COMMONWEALTH OF PENNSYLVANIA;
JOHN DOES 1-20; INTERNATIONAL BROTHERHOOD
OF TEAMSTERS; T.D.'S PUB; JOSHUA JOHNSON;
WILLIAM G. ANDERSON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 01-CV-7269
District Judge: The Honorable William H. Yohn, Jr.

_____

Submitted Pursuant to LAR 34.1(a)
April 1, 2005

Before: ALITO, SMITH, and FISHER, *Circuit Judges*

(Filed: April 7, 2005)

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge*.

Michael T. Breslin contests the District Court's granting of summary judgment to the defendants on his substantive civil Racketeer Influenced and Corrupt Organizations (RICO) claim (Count III of his Amended Complaint) and his civil RICO conspiracy claim (Count IV). The District Court exercised jurisdiction pursuant to 18 U.S.C. § 1964(c). This Court has final order jurisdiction, 28 U.S.C. § 1291.

Our review is plenary, and we apply the same test as the District Court. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976). Viewing the facts in the light most favorable to the non-moving party, if we are convinced that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the District Court's judgment. Fed. R. Civ. P. 56(c). Upon a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because we agree with the District Court that Breslin has not shown that he was proximately harmed by a RICO predicate offense, we affirm.[1]

**Facts**

Breslin was a supporter of John Morris, the former principal officer of the International Brotherhood of Teamsters (IBT) Local 115. Morris was removed from his positions when, in response to alleged corruption, James Hoffa, Jr., the IBT President, imposed an emergency

---

[1] Because we conclude that none of the alleged acts of racketeering proximately caused Mr. Breslin's injury, we need not consider whether those acts form a "pattern of racketeering."

trusteeship on Local 115.  This Court approved the decision to impose the trusteeship in *Morris v. Hoffa*, 361 F.3d 177 (2004).

Breslin, who was a state parolee at the time, worked at Huff Paper Company, a Local 115 shop.  While picketing and demonstrating against the trusteeship at the Local 115 Union Hall, Breslin directed what could be characterized as threats at trusteeship supporters.  Defendant Norton Brainard, an attorney employed by the Local 115 Legal Services Fund, believing that Breslin's statements may have constituted assault in violation of his parole, contacted Breslin's parole officer, Defendant David Knorr.  Knorr met with Brainard and Defendant Gerard McNamara, Local 115 Recording Secretary, and viewed a videotape of Breslin on the picket line.  At Knorr's request, Brainard and McNamara prepared affidavits describing Breslin's actions.

After receiving the affidavits, Knorr called Breslin to the parole office.  A search of Breslin's car revealed a cell phone and various knives, which Breslin was prohibited from possessing.  Breslin was held pending a parole revocation hearing.  Brainard and McNamara testified against Breslin at the hearing.  Breslin was found by the Parole Board to have violated four conditions of his parole, including a failure to refrain from assaultive behavior, and was recommitted to prison for approximately 13 months.  When Breslin failed to report to work because he was in custody, Huff fired him for absenteeism and job abandonment.

Breslin contends that his re-incarceration was part of a scheme to silence him from revealing the racketeering activities involving contraband cigarettes and illegal gambling of various IBT and Local 115 officers and members, all of whom were trusteeship supporters.  Breslin asserts he was injured by the loss of his job following an unlawful arrest, parole revocation, and re-incarceration, all in violation of federal witness tampering law, 18 U.S.C. §

3

1512.

Breslin also accuses various defendants of threatening Local 115 members with loss of their jobs if they did not support the trusteeship. From these alleged threats Breslin crafts a claim that he suffered damage to his property interest in a corruption-free union, in violation of federal law prohibiting interference with commerce by way of threats, 18 U.S.C. § 1951.

**Analysis**

To set out a prima facie showing of a civil RICO violation under 18 U.S.C. § 1964(c), a plaintiff must have been injured by "racketeering activity," 18 U.S.C. § 1962(c)-(d). "Racketeering activity" is defined as a violation of certain enumerated statutes – commonly known as "predicate acts" – in 18 U.S.C. § 1961(1), which list includes both 18 U.S.C. § 1512 and 18 U.S.C. § 1951. The plaintiff must show not only that the racketeering activity was the "but for" cause of his injury, but that it proximately caused his injury as well. *Holmes v. SIPC*, 503 U.S. 258, 268 (1992).

Though Breslin has sufficiently shown that but for the alleged witness tampering he would not have lost his job, his claim fails to show that the § 1512 violations proximately caused his termination. Huff terminated Breslin simply because he failed to show up for work, not because a named defendant committed a RICO predicate act by illegally influencing someone in Breslin's chain of command at Huff to fire him. Breslin's RICO claim premised on the loss of his job thus fails to show that the termination was proximately caused by a RICO predicate act. *See Anderson v. Ayling*, 396 F.3d 265, 271 (3d Cir. 2005).

Regarding Breslin's claim that he "sustained pecuniary losses from the damage to his intangible property rights in a corruption free and democratic union," this Court has recently

4

stated that such corruption "is not a cognizable injury that can create RICO standing." *Id.* at 271.

Therefore, Breslin's second claim also fails, and we will affirm the judgment of the District

Court.